NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0139n.06

Case No. 21-2938

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 01, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RYAN JOSEPH AHERN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: McKEAGUE, GRIFFIN, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Ryan Joseph Ahern pleaded guilty to producing a pornographic video of his ten-year-old daughter. The district court applied a two-level sentencing enhancement because Ahern sexually contacted his daughter while making the video. The court then sentenced Ahern within the Guidelines range. Ahern appeals, challenging both the application of the enhancement (on insufficiency of the evidence grounds) and his within-Guidelines sentence (as substantively unreasonable). We affirm.

## BACKGROUND

After receiving tips that a person with Yahoo username "ryan ahern" had shared about 150 images of child pornography, officers executed search warrants for Ryan Ahern's home and email accounts. During their search, officers discovered over 2,000 images of child pornography on

Ahern's phone. In addition, they confirmed that Ahern had sent about 150 images of child pornography between his different email addresses.

Officers also learned that Ahern had tried to exchange child pornography by email with others:

| | |
|---|---|
| Ahern: | Whatcha got for trade? |
| [Other user]: | I got a lot of pics and some videos[.] You have to send some to receive[.] I am into black Asian and Hispanic girls if you have any send them and I will send you some as well. |
| Ahern: | What are you looking for specifically. I have 10yo twin daughters, they do whatever I want them too, and I love it. But I want to see some videos before I send you some of mine. Want to watch them both suck the cum out of my cock together at the same time? |
| Ahern: | By the way, they just started getting little tits, and they're Mexican/Caucasian. |

As this conversation suggests, Ahern not only possessed and viewed child pornography, but also produced it. Of the several videos depicting child pornography that Ahern recorded, one is relevant here: Ahern filmed himself pulling aside the underwear of one of his ten-year-old daughters to reveal her vagina, where he focused the camera. He then emailed the video to himself with the subject line "My very own little puss."

A grand jury indicted Ahern on two counts of producing and attempting to produce child pornography, in violation of 18 U.S.C. § 2251(a), (e), one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(2), and one count of possessing child pornography involving prepubescent minors, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Ahern and the government then worked out a plea deal. Under the agreement, Ahern pleaded guilty to one count of producing child pornography—the video described above—in violation of § 2251(a), (e). In exchange, the government dropped the remaining counts and agreed not to contest Ahern's request for an acceptance of responsibility reduction.

The presentence report calculated Ahern's total offense level as 42. That calculation included a two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A) because Ahern's offense involved a sexual act or sexual contact. Adding in Ahern's criminal history category of I yielded a Guidelines range of 360 months to life. But because § 2251(e) sets a 360-month statutory maximum sentence, the Guidelines range became 360 months.

At sentencing, the district court imposed a Guidelines sentence of 360 months and asked if Ahern had any objections. He did not. This appeal followed.

## ANALYSIS

A. Ahern first contends that the district court erred in assessing a two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A). In Ahern's view, there was insufficient evidence before the district court to conclude that his offense involved a sexual act or sexual contact. As Ahern failed to object to the enhancement at sentencing, we review for plain error. *See* Fed. R. Crim. P. 52(b). That means that Ahern must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (cleaned up). This is an "'extremely deferential' standard," under which "we reverse only in exceptional circumstances to correct obvious errors that would result in a miscarriage of justice." *United States v. Hymes*, 19 F.4th 928, 933 (6th Cir. 2021) (citation omitted).

Under § 2G2.1(b)(2)(A), a two-level enhancement applies if Ahern's offense involved "the commission of a sexual act or sexual contact." The government maintains that sexual contact occurred. Sexual contact, in turn, "means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]"

3

18 U.S.C. § 2246(3); *see also* § 2G2.1 cmt. n.2 (incorporating § 2246(3)'s definition of sexual contact for purposes of § 2G2.1(b)(2)). For the enhancement to apply, the government must show by a preponderance of the evidence that Ahern sexually contacted his daughter while she was being filmed. *See United States v. Aleo*, 681 F.3d 290, 298 (6th Cir. 2012). The district court, for its part, was "free to make reasonable inferences" from admitted facts to determine whether sexual contact occurred. *United States v. Parrish*, 915 F.3d 1043, 1048 (6th Cir. 2019).

Ahern's plea agreement says that he pulled his ten-year-old daughter's underwear aside to film her vagina:

> Defendant used his iPhone XR to create a video as he pulled the underwear aside of a girl who was born in July of 2009, which exposed the child's genitals and was the focus of the video. Defendant then sent a copy of that video to himself using his Yahoo! email account, and he titled that email "My very own little puss."

Based on the plea agreement, the district court could reasonably infer that Ahern touched his daughter's genitalia, groin, inner thigh, or buttocks as he pulled her underwear aside, "either directly or through" her underwear. § 2246(3); *see Parrish*, 915 F.3d at 1048. Indeed, it is difficult to imagine how Ahern might have removed his daughter's underwear without doing so.

Nor did the district court plainly err in finding that the touching was intentional. After all, Ahern admitted to pulling his daughter's underwear aside to focus the camera on her vagina. From there, it is no great leap to think that Ahern intentionally touched his daughter's genitalia, groin, inner thigh, or buttocks to facilitate removing her underwear. What is more, Ahern acted for his own sexual gratification, emailing the video to himself with the subject line "My very own little puss." And, on other occasions, Ahern boasted about his ability to coerce his daughters into sexual activity. These facts, viewed through the lens of our "exceedingly deferential" standard of review, support the inference that Ahern intended to touch his daughter's genitalia, groin, inner thigh, or buttocks while removing her underwear. *United States v. Maye*, 582 F.3d 622, 637 (6th Cir. 2009)

(Batchelder, J., concurring in part and dissenting in part) (quoting *United States v. Kemp*, 546 F.3d 759, 764 (6th Cir. 2008)).

In many respects, Ahern's case parallels *United States v. King*, 979 F.3d 1075 (5th Cir. 2020). There, a pastor "posed minors engaged in sexually explicit conduct and produced sexually explicit images of those minors[.]" *Id.* at 1082. This description, bolstered by evidence that the pastor had sexually contacted a young boy on other occasions, sufficed to show that he sexually contacted the children while posing them for purposes of § 2G2.1(b)(2)(A). *Id.* at 1083. Notably, the court held as much even though it recognized that the pastor "could have 'posed' the children by giving them instructions." *Id.* Much the same is true here. That Ahern could have removed his daughter's underwear without touching her does not prevent the district court from drawing the reasonable inference that touching in fact occurred. And the possibility that any touching was "merely incidental" to Ahern's efforts to focus the camera on his daughter's vagina, as he maintains on appeal, does not overcome the "considerable deference" we owe to the district court's factual findings on plain error review. *Id.* (citation omitted).

\*     \*     \*     \*     \*

Ahern's case illustrates the vital role of timely objections. If Ahern had objected at sentencing, the government would have introduced Ahern's video into evidence. The district court would then have watched the video and, according to the government, seen "Ahern's hand . . . resting on the child's buttocks." Such proof of sexual contact would have removed any doubt that § 2G2.1(b)(2)(A) applies. Or, if the video showed that no sexual contact occurred, the district court would not have applied the enhancement. Either way, there seemingly would have been no need for an appeal about § 2G2.1(b)(2)(A), a time-consuming endeavor for all involved. *Cf. Henderson v. United States*, 568 U.S. 266, 285–86 (2013) (Scalia, J., dissenting) (warning that

relaxation of the demand for contemporaneous objections risks squandering limited judicial resources).

B.   Consider next whether Ahern's Guidelines sentence is substantively unreasonable. That would be the case if the district court placed too much weight on some 18 U.S.C. § 3553(a) sentencing factors and too little weight on others, yielding a sentence that "is too long (if a defendant appeals) or too short (if the government appeals)."  *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).  We review a sentence's substantive reasonableness for abuse of discretion.  *See id.*  Always deferential, *see United States v. Thomas*, 933 F.3d 605, 613 (6th Cir. 2019), our review is doubly so where the sentence falls within the Guidelines and thus enjoys a presumption of reasonableness, *see Vonner*, 516 F.3d at 389.

Ahern first contends that the district court placed too little weight on the need to reduce unwarranted sentence disparities between similarly situated defendants under § 3553(a)(6).  "But § 3553(a)(6) ordinarily is 'an improper vehicle' for challenging a within-Guidelines sentence because the Guidelines . . . address the statutory purpose of combatting disparity."  *Hymes*, 19 F.4th at 937 (citation omitted); *see also United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008) (Easterbrook, J.) (declaring that "it is pointless for a defendant" with a Guidelines sentence to mount a § 3553(a)(6) challenge, "for the ranges are themselves designed to treat similar offenders similarly" (citation omitted)).  Today's case exemplifies the point.  By sentencing Ahern within the Guidelines range, the district court placed adequate weight on the need to avoid unwarranted sentence disparities.

Resisting this conclusion, Ahern points out that his Guidelines range coincided with the statutory maximum.  So, he says, the "worst of the worst"—those who commit aggravated sexual abuse on an infant or toddler to produce child pornography depicting sadistic or masochistic

conduct and then distribute the images to others—would receive the same sentence as him, creating unwarranted disparities. Ahern's argument, however, suffers from legal and factual flaws. As a legal matter, far from ameliorating sentence disparities, Ahern's proposed remedy of a downward variance would instead exacerbate them by treating Ahern better than similarly situated defendants who receive Guidelines sentences. *See United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011). Indeed, we have repeatedly held below-Guidelines sentences substantively unreasonable where the district court failed to place adequate weight on the need to treat like defendants alike. *See, e.g.*, *United States v. Robinson*, 778 F.3d 515, 521–22 (6th Cir. 2015); *United States v. Peppel*, 707 F.3d 627, 638–40 (6th Cir. 2013); *United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012).

Turning to the facts, Ahern overlooks how a defendant charged with similar crimes could receive a longer sentence. When indicted, Ahern faced a statutory maximum of 1,200 months. Only after pleading guilty to one count in exchange for the government dropping the other three did Ahern's statutory maximum fall to 360 months. But if a defendant, as Ahern puts it, constitutes the "worst of the worst," there is no guarantee that the government would offer the same plea deal. And even if the government did, the district court might reject the deal. *See* Fed. R. Crim. P. 11(c)(3)(A). Following conviction, then, a "worst of the worst" defendant may well receive a sentence above 360 months. *See, e.g.*, *United States v. Aguilar-Andres*, 780 F. App'x 231, 232–33 (6th Cir. 2019) (upholding the district court's decision to impose consecutive sentences totaling 600 months where the defendant filmed himself raping his six-year-old sister, captured sexually explicit images of his four-year-old cousin, and distributed the materials over the internet). In a similar vein, Ahern ignores the fact that his 360-month Guidelines range accounts for the severity of his conduct, including enhancements because his offense involved a prepubescent minor, his own child, and sexual contact. The offense level was further increased because Ahern had engaged

in a pattern of similar activity. A less culpable defendant convicted of the same crime, on the other hand, could easily face a shorter Guidelines range absent one or more of these enhancements.

Ahern cites three cases that, he says, show why imposing a sentence at the statutory maximum conflicts with § 3553(a)(6). But two of those cases involved upward variances exceeding 420 months, and thus shed little light on the substantive reasonableness of Ahern's Guidelines sentence. *See Aleo*, 681 F.3d at 300; *United States v. Poynter*, 495 F.3d 349, 349–50 (6th Cir. 2007). And the third case rejected the defendant's substantive reasonableness challenge to his below-Guidelines sentence without discussing whether the district court should have varied downwards in the first place. *See United States v. Frei*, 995 F.3d 561, 567–68 (6th Cir. 2021).

Lastly, Ahern asserts that the district court neglected to place the weight § 3553(a)(1) demands on his history and characteristics, including childhood sexual abuse by his babysitter's son, trauma from a sexual relationship with his older sister, and frustration caused by his girlfriend's "lack of sexual responsiveness." The district court, however, thoroughly discussed Ahern's background, identifying the "considerable abuse and neglect" he suffered as a child, the fact that he left home at an early age, and "his ability to work and support a family" as an adult. In particular, the district court considered and rejected Ahern's argument that his childhood abuse justified a lower sentence; the court explained that Ahern's personal experiences put him on notice about the harm he would inflict on his daughters by using them to create pornographic films. Then, turning to the remaining § 3553(a) factors, the district court found that the gravity of Ahern's offense—including victimizing "his own young daughters"—weighed towards a harsher sentence. *See* § 3553(a)(2)(A). So did the need to protect the public from the danger that Ahern would commit similar crimes when released. *See* § 3553(a)(2)(C). After considering the relevant sentencing factors, the district court acknowledged that it often viewed the Guidelines' "basketball

8

score sentences" for child pornography offenses as too harsh. Yet, in this case, the court deemed the Guidelines range appropriate.

All things considered, the district court carefully weighed Ahern's history and characteristics in imposing Ahern's Guidelines sentence. We find no abuse of discretion. *See United States v. Potts*, 947 F.3d 357, 372–73 (6th Cir. 2020).

We affirm Ahern's sentence.